UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 JUN -9 PM 12: 23

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CHEREALL L. DEBOEST, next best friend of C.B.  Plaintiff,  vs.  METROPOLITAN SCHOOL DISTRICT OF DECATUR TOWNSHIP, a political subdivision,  Defendant. | CAUSE NO:  1 : 11 -cv- 0 7 8 0 WTL pKL |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, Chereall L. Deboest (hereinafter "Deboest"), individually and as the next friend to her daughter, C.B., and by and through Counsel, and for their cause of action against the Defendant, Metropolitan School District of Decatur Township (hereinafter "Decatur Schools"), alleges and respectfully states:

### JURISDICTION

1. This Court has original jurisdiction of Plaintiffs' claims pursuant to 20 U.S.C. § 1681, 28 U.S.C § 1343(2), (3), and (4), and 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over Plaintiffs' Indiana State law claims under 28 U.S.C. § 1367.

### VENUE AND ADMINISTRATIVE PREFILING CONDITIONS

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) as the Defendant is a resident of/and or maintains a permanent office in the judicial district, and a substantial number of the events of omissions giving rise to Plaintiffs' claims occurred in the judicial district.

4. Administrative conditions precedent to filing this suit have been met. The tortuous and other claims set forth herein were presented to Decatur Schools as required by Indiana Code § 34-13-3-1, et. seq. No acceptable relief has been offered.

## PARTIES

5. Minor Plaintiff, C.B., is a female, minor child. C.B. was at the time of the actions described in this complaint, a student at Decatur Central High School ("DCHS"). At all relevant times hereto, Plaintiff, C.B., was a resident of Marion County, Indiana, which is within the venue of the Southern District of Indiana.

6. Plaintiff, Deboest, is the natural, biological and legal parent of C.B. At all relevant times hereto, Plaintiff, Deboest, was a resident of Marion County, Indiana, which is within the venue of the Southern District of Indiana.

7. Defendant, Decatur Schools, is a municipal corporation body politic organized and existing within the State of Indiana, and is subject to the laws of the State of Indiana. At all times material hereto, DCHS is and was a public high school operated by the Defendant, Decatur Schools. As such, Defendant, Decatur Schools, as a principal, is responsible for all wrongful conduct, acts, errors, and omissions of its board members, superintendents, administrators, principals, coaches, teachers, student counselors, staff, and other agents. At all times relevant times hereto, Defendant, Decatur Schools, maintained a principal place of business at 5275 Kentucky Avenue, Indianapolis, Indiana 46221, which is within the venue of the Southern District of Indiana.

## OPERATIVE FACTS

8. Decatur Schools, at all times relevant and material hereto, received federal assistance and state funding. Its acts, as alleged herein, were under color of statute, regulation,

custom, or usage of statute.

9. On November 3, 2010, C.B. was a tenth (10th) grade, sophomore, student at Decatur Schools, attending DCHS during the 2010-2011 school years.

10. At the aforementioned date and place, C.B was subjected to bullying, harassments, and threats in a highly discriminatory nature, at the hands of fellow students.

11. The aforementioned acts took the form of racial and derogatory slurs, threats of violence against her, and sending electronic messages that contain images containing Ku Klux Klan figures.

12. That C.B. was placed in fear and apprehension for her personal safety, and informed various staff and administrators at DCHS of the aforementioned bullying, harassment, and threats.

13. That despite having prior knowledge that C.B. was subjected to racial bullying, harassment, and threats against her person by fellow students, DCHS staff and administrators intentionally refused to take any reasonable action to protect C.B.

14. Decatur Schools' knowledge of the fact that C.B. had been bullied, threatened, and harassed, and their failure to intervene, effectively deprived C.B. of access to Decatur Schools' and law enforcement resources and opportunities and were clearly unreasonable in light of the known circumstances.

15. Decatur Schools was deliberately indifferent to the care and protection of C.B. before and after she informed Decatur Schools that she had been harassed, threatened, and assaulted.

16. C.B. has suffered injury as a result of the aforementioned actions, omissions, and subsequent violation of her rights.

17. As a result of Defendant's actions regarding C.B., Decatur Schools violated federal statutes, the U.S. Constitution, and Indiana State law.

## COUNT 1

18. Plaintiffs reassert the foregoing as if fully rewritten herein.

19. The actions of Decatur Schools constitute a violation of Plaintiff's constitutional rights, pursuant to the substantive and procedural due process clauses of the Fourteenth Amendment, to familial relationships, which includes the right to the companionship, care, custody and management of their child, including the right to control her education; in C.B.'s case, Decatur Schools' actions constitute a violation of her right to life, liberty, and the pursuit of happiness as well as her right to an education.

20. Decatur Schools also acted under color of state law in violation of C.B.'s equal protection and due process rights in failing utterly to prevent racial discrimination, threats, harassment, and assault. This failure was a violation of the Fourteenth Amendment of the U.S. Constitution, which bars discrimination based upon sexual orientation, even if orientation is only perceived.

21. As a direct result of the actions and conduct of Defendant, Plaintiffs have suffered injury and extreme emotional distress.

## COUNT 2

22. Plaintiffs reassert the foregoing as if fully rewritten herein.

23. The actions of Defendant Decatur Schools, in failing to properly train its officials and teachers in proper methods of recognizing, responding to, and preventing racial discrimination, threats, harassment, and assault constitute a violation of Defendant, Decatur School's obligations to maintain lawful policies and procedures pursuant to *Monell v. Dept. of*

*Social Services*, 436 U.S. 658 (1978).

24. As a direct result of the actions and conduct of Defendant, Plaintiffs have suffered injury and extreme emotional distress.

### COUNT 3

25. Plaintiffs reassert the foregoing as if fully rewritten herein.

26. The actions of Decatur Schools, as enumerated above, constitute a violation of Title IX, 20 U.S.C. § 1681 by allowing the Plaintiff's minor child to be subject to racial discrimination, harassment, threats, and bullying by other students.

27. As a direct result of the actions and conducts of Defendant, Plaintiffs have suffered and continue to suffer extreme emotional distress and injury.

### COUNT 4

28. Plaintiffs reassert the foregoing as if fully rewritten herein.

29. The actions of Decatur Schools, as enumerated above, constitute negligence and/or gross negligence under Indiana State law.

30. As a direct result of the actions and conducts of Defendant, Plaintiffs have suffered and continue to suffer extreme emotional distress and injury.

### COUNT 5

31. Plaintiffs reassert the foregoing as if fully rewritten herein.

32. The actions of Decatur Schools, as enumerated above, constitute negligent supervision under Indiana State law for the failure to adequate train and supervise board members, superintendents, administrators, principals, coaches, teachers, student counselors, staff, and other agents involved in the above described incidents.

33. As a direct result of the actions and conducts of Defendant, Plaintiffs have

suffered and continue to suffer extreme emotional distress and injury.

## COUNT 6

1. Plaintiffs reassert the foregoing as if fully rewritten herein.

2. The actions of Decatur Schools, as enumerated above, constitute willful, wanton, and/or reckless conduct under Indiana State law.

3. As a direct result of the actions and conducts of Defendant, Plaintiffs have suffered and continue to suffer extreme emotional distress and injury.

## COUNT 7

4. Plaintiffs reassert the foregoing as if fully rewritten herein.

5. The negligence and irresponsibility of Decatur Schools, as enumerated above, allowed C.B. to be racial discrimination, threats, harassment, and assault. Such acts would cause distress in a reasonable person and in fact were the direct, proximate, and foreseeable cause of mental and emotional distress in C.B.

6. As a direct result of the actions and conducts of Defendant, Plaintiffs have suffered and continue to suffer extreme emotional distress and injury.

## COUNT 8

7. Plaintiffs reassert the foregoing as if fully rewritten herein.

8. Decatur Schools is liable as the employer of board members, superintendents, administrators, principals, coaches, teachers, student counselors, staff, and other agents under the theory of *respondeat superior* for the irresponsibility and negligence said individuals committed in failing to acknowledge and correct the racial discrimination, threats, harassment, and assault that occurred as above described. Decatur School's duties to protect C.B. were non-delegable and have been breached.

9. As a direct result of the actions and conducts of Defendant, Plaintiffs have suffered and continue to suffer extreme emotional distress and injury.

## COUNT 9

10. Plaintiffs reassert the foregoing as if fully rewritten herein.

11. Decatur Schools is liable for communicating with defamatory imputation, malicious statements concerning the racial discrimination, threats, harassment, and assault that occurred as above described.

12. As a direct result of the actions and conducts of Defendant, Plaintiffs have suffered and continue to suffer extreme emotional distress and injury.

WHEREFORE, Plaintiffs, by Counsel, hereby respectfully requests that the Court grants the following relief:

A. Enter an Order of judgment for the Plaintiffs.

B. Order trial by jury.

C. Maintain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law.

D. Declare that the acts and conduct of Defendant constitute violations of Plaintiffs constitutional, statutory, and common-law rights.

E. Enjoin Defendants from violating the constitutional and statutory rights of its citizens.

F. Award monetary damages in an amount commensurate with his damages, costs of this action, prejudgment interest, and all other just and proper relief within the premises.

G. Grant whatever other relief the court deems appropriate.

                                      Respectfully submitted,

                                      */s/ Robert B. Turner*
                                      Robert Turner, #2288-49
                                      Attorney for Plaintiff

Robert Turner, Esq.
Lee, Cossell, Kuehn & Love, LLP.
127 E. Michigan Street
Indianapolis, IN 46204
(317) 631-5151 Telephone / (317) 682-6477 Facsimile
rturner@nleelaw.com